State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. David N. Steier, respondent.
___ N.W.2d ___

Filed May 15, 2015.    No. S-14-765.

Original action. Judgment of suspension.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by David N. Steier, respondent, on March 25, 2015. The court accepts respondent's conditional admission and enters an order of suspension for a period of 3 months and 12 months of monitored probation following reinstatement.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 15, 2009. At all relevant times, he was engaged in the practice of law in Omaha, Nebraska.

On August 29, 2014, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent. The formal charges consist of one count against respondent. With respect to the one count, the formal charges state that on November 9, 2012, respondent was retained by Allen Wagner, doing business as Take Flight Cheer Center, to assist in incorporating the business and applying for tax-exempt status under I.R.C. § 501(c)(3) (2012). Wagner paid respondent $800 by check as respondent's fee for doing the work. The formal charges state that although the check was negotiated by respondent on the date it was received and before any work had been done for the client, the check was not deposited into respondent's trust account. Wagner also issued separate checks to respondent payable to third parties as follows: $750 payable to the Internal Revenue Service (IRS), $35 for publication in a business journal, and $25 for the filing fee with the State of Nebraska.

The formal charges state that over the next year, respondent knowingly made a series of false and misleading statements to Wagner regarding the application. Respondent never submitted the application, although he continued to lead Wagner to believe that he had.

In late 2013, Wagner contacted the IRS directly and learned that nothing had been filed. Wagner demanded that respondent return all funds he had paid and the case file. Respondent did return the file, including the unsent third-party checks, and attempted to refund a portion of the fees.

The formal charges allege that by his actions, respondent violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.15(a) and (c) (safekeeping property), and 3-508.4(a), (b), and (c) (misconduct).

On March 25, 2015, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney and conduct rules §§ 3-501.1, 3-501.3, 3-501.15(a) and (c), and 3-508.4(a), (b), and (c). In the conditional admission, respondent knowingly chose not to challenge or contest the truth of the matters conditionally admitted and waived all proceedings against him in connection therewith in exchange for a 3-month suspension and 12 months of monitored probation following reinstatement. Upon reinstatement, if accepted, the monitoring shall be by an attorney licensed to practice law in the State of Nebraska and who shall be approved of by the Counsel for Discipline. The monitoring plan shall include, but not be limited to, the following: During the first 6 months of probation, respondent will meet with and provide the monitor a weekly list of cases for which respondent is currently responsible, which list shall include: the date the attorney-client relationship began; the general type of case; the date of last contact with the client; the last type and date of work completed on file (pleading, correspondence, document preparation, discovery, court hearing); the next type of work and date that work should be completed on the case; any applicable statutes of limitations and their dates; and the financial terms of the relationship (hourly,

contingency, et cetera). After the first 6 months through the end of the probation, respondent shall meet with the monitor on a monthly basis and provide the monitor with a list containing the same information set forth above. Respondent shall work with the monitor to develop and implement appropriate office procedures to ensure that the clients' interests are protected. Respondent shall reconcile his trust account within 7 working days of receipt of the monthly bank statement and provide the monitor with a copy within 3 working days. Respondent shall submit a quarterly compliance record to the Counsel for Discipline demonstrating that respondent is adhering to the foregoing terms of probation. The quarterly report shall include a certification by the monitor that the monitor has reviewed the report and that respondent continues to abide by the terms of probation. If at any time the monitor believes respondent has violated the professional conduct rules or has failed to comply with the terms of probation, the monitor shall report the same to the Counsel for Discipline. Finally, respondent shall pay all the costs in this case, including the fees and expenses of the monitor, if any.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline is appropriate and consistent with sanctions imposed in other disciplinary cases with similar acts of misconduct.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional

> admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the truth of the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.1, 3-501.3, 3-501.15(a) and (c), and 3-508.4(a), (b), and (c) and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, we approve the conditional admission and enter the orders as indicated below.

## CONCLUSION

Respondent is suspended for a period of 3 months. Should respondent apply for reinstatement, if accepted, his reinstatement shall be conditioned upon respondent's being on probation for a period of 12 months, including monitoring, following reinstatement, subject to the terms agreed to by respondent in the conditional admission and outlined above. Acceptance of an application for reinstatement is conditioned on the application's being accompanied by a proposed monitored probation plan, the terms of which are consistent with this opinion. Respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) of the disciplinary rules within 60 days after the order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.